KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0717-BTM |
| Plaintiff, | Date: April 18, 2008<br>Time: 1:30 p.m. |
| v. | The Honorable Barry T. Moskowitz |
| AURELIANO CASTILLO-SANCHEZ, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO** |
| Defendant. | **1) COMPEL DISCOVERY; AND**<br>**2) GRANT LEAVE TO FILE FURTHER MOTIONS** |
| | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

//

//

# I

# STATEMENT OF THE CASE

On March 12, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Aureliano Castillo-Sanchez ("Defendant") with one count of attempted entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). On March 13, 2008, Defendant was arraigned on the Indictment and pled not guilty. The Court set a motion hearing on April 18, 2008. On April 8, 2008, Defendant filed a discovery motion. The United States files the following response in opposition to Defendant's discovery motion.

# II

# STATEMENT OF FACTS

**A.     OFFENSE CONDUCT**

On February 12, 2008, at approximately 4:22 a.m., Defendant attempted to enter the United States from Mexico through the pedestrian lanes at the San Ysidro, California, Port of Entry. Defendant presented an Alien Registration Receipt Card (I-551), bearing the name "Alejandro Barboza-Rosas," as his entry to document to Customs and Border Protection Officer W. Reeves. Defendant told Officer Reeves that he was going to work in San Diego. Officer Reeves notices that Defendant did not resemble the photograph on the I-551 card and asked Defendant for another form of identification. Defendant presented a California driver's license and a social security card, both of which beared the name "Alejandro Barbosa." Officer Revees suspected that Defendant was not the owner of the I-551, California driver's license and social security, and therefore, referred Defendant to the secondary office for further inspection.

In the secondary office, Officer J. Roby asked Defendant to write his true name and date of birth on the back of the referral slip (Form I-443). On the back of the referral slip, Defendant wrote "Aureliano Castillo-Sanchez 11-5-59." Officer A. Odems analyzed Defendant's fingerprints using immigration databases and the results confirmed that Defendant is a citizen and national of Mexico who had been previously deported from the United States by an immigration judge. Officer S. Barron informed Defendant that he was under arrest.

/ /

### B.   DEFENDANT'S POST-MIRANDA STATEMENTS

On February 12, 2008, at approximately 7:14 a.m., Officers Barron and S. Guzman informed Defendant of his Miranda rights in the Spanish language. Defendant stated that he understood his Miranda rights and that he agreed to answer questions without the presence of an attorney. Defendant admitted that he is a citizen and national of Mexico and was born in Cualcoman, Michoacan. Defendant admitted he had been previously deported from the United States to Mexico. Defendant further admitted that the documents he presented to the Officers did not lawfully belong to him.

Defendant said that Carmen Ochoa, a person he knew in Colima, Michoacan, made arrangements for Defendant to meet with alien smugglers in Tijuana, Mexico. On February 10, 2008, Defendant took a flight from Colima to Tijuana. Defendant met a male at the Tijuana Airport who took him to a house in Tijuana where Defendant was given several documents for him to enter the United States. Defendant said that Carmen Ochoa advised him to attempt to enter the United States at about 5:30 a.m. because that is the time when many people enter the United States to go to work. On February 12, 2008, Defendant followed an unknown male into the pedestrian lanes and was planning on meeting that person at the McDonald's restaurant after he crossed into the United States. Defendant agreed to pay $3,500.00 to use the entry documents and to be taken to Los Angeles, California, after he entered the United States.

### C.   DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen and national of Mexico. Defendant has been lawfully excluded, deported and removed from the United States to Mexico on approximately four prior occasions. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on three prior occasions: (1) August 14, 1992; (2) May 18, 1995; and (3) October 29, 1996. Defendant was most recently removed from the United States on January 17, 2007. After the last time Defendant was lawfully ordered excluded, deported, and removed from the United States, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

//

//

### D.     DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive criminal history involving narcotics trafficking and immigration offenses. On December 20, 1989, Defendant was convicted of multiple counts of the sale of cocaine, a felony, in violation of California Penal Code § 11352, and received a sentence of 64 months in prison. On July 14, 1993, Defendant was convicted of possessing marijuana for sale and for transporting more than 28.5 grams of marijuana, felonies, in violation of California Penal Code §§ 11359 and 11360(a). On May 20, 1996, Defendant was found in violation of his parole with regard to his 1993 convictions and was sentenced to prison to finish his term of parole. On March 9, 2004, Defendant was convicted of drunk driving in Shasta Superior Court and was sentenced to a term of jail and 3 years probation. On April 4, 2005, Defendant was convicted of being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326, and sentenced by a district judge in the Eastern District of California to 37 months in prison followed by 3 years of supervised release. [See Criminal Case No. 04CR0194.]

## III

## THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES

### A.     DEFENDANT'S MOTION TO COMPEL DISCOVERY SHOULD BE DEINED

As of the date of this Motion, the United States has produced 149 pages of discovery (including reports of the arresting officers and agents, a criminal history report, documents concerning Defendant's prior convictions and immigration history) and 1 DVD-ROM containing Defendant's videotaped, post-arrest statement.

#### 1.     United States' Discovery Obligations

The United States will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). At this point the United States has received **no** reciprocal discovery. In view of the below-stated position, the United States respectfully requests the Court issue no orders compelling specific discovery by the United States at this time.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The

United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted. However, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

The United States has already provided Defendant with a copy of his criminal record and related court documents, in accordance with Fed. R. Crim. P. 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to Defendant's prior criminal record, those documents will be promptly provided to Defendant.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the United States intends to offer any evidence under Rule 404(b) or 609 of the Federal Rules of Evidence, it will provide notice promptly to Defendant. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced. The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Fed. R. Evid. 702, 703, or 705. The United States will also provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

In sum, the United States has already produced reports, criminal history documents, charging documents, a DVD the post-arrest statements, and three deportation tapes. To the extent Defendant requests specific documents or types of documents, the United States will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the United States respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**2.    Alien File**

The United States objects to Defendant's request for a "full copy" of his Alien File ("A-File"). In addition, the United States objects to Defendant's request to inspect his A-File. This information is

equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not ascertain the A-File through such a request, the A-File is not Rule 16 discoverable information. The A-File contains information that is not discoverable like internal government documents and witness statements. See Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to production until after the witness for the United States testifies and provided that a "motion" is made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Thus, the A-File associated with Defendant need not be disclosed.

Defendant claims that the A-File must be disclosed because (1) it may be used in the United States' case-in-chief; (2) it is material to his defense; and (3) it was obtained from or belongs to him. See Fed. R. Crim. P. 16(a)(1)(E). The United States will produce documents it intends to use in its case-in-chief. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. See United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not shown how documents in the A-File are material. Finally, Defendant does not own the A-File. It is an agency record. Cf. United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records). Should the Court order inspection of relevant documents from the A-File, the United States will facilitate the inspection as it does in other cases.

### C. DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

### IV

### CONCLUSION

For the foregoing reasons, the United States requests the Court deny Defendant's Motions to Compel Discovery, Dismiss the Indictment, and Grant Leave to File Further Motions, unless unopposed.

DATED: April 13, 2008.

                                                                       Respectfully submitted,

                                                                       KAREN P. HEWITT
                                                                       United States Attorney

                                                                       /s/ *Joseph J.M. Orabona*
                                                                       JOSEPH J.M. ORABONA
                                                                       Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>AURELIANO CASTILLO-SANCHEZ,　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　)<br>──────────────────────────────) | Criminal Case No. 08CR0717-BTM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Response in Opposition to Defendant's Motions to Compel Discovery and Grant Leave to File Further Motions** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

> Erick Guzman, Esq.
> Federal Defenders of San Diego, Inc.
> 225 Broadway, Suite 900
> San Diego, California 92101-5008
> *Lead Attorneys for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2008.

> /s/ *Joseph J.M. Orabona*
> JOSEPH J.M. ORABONA
> Assistant United States Attorney